**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAKA KWANZAA,

        Plaintiff,

    v.

ADMINISTRATOR REYNOLDS, et al.,

        Defendants.

Civil Action No. 25-19062 (SDW-CF)

OPINION

**IT APPEARING THAT:**

1.    *Pro se* Plaintiff Chaka Kwanzaa filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint")  (ECF No. 1) and application to proceed *in forma pauperis* ("Application") (ECF No. 7).

2.    This Court has reviewed Plaintiff's Application and finds that he has satisfied the requirements to proceed *in forma pauperis*.  Therefore, this Court will grant the Application and direct the Clerk to file the Complaint.

3.    The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a plaintiff proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.  28 U.S.C. § 1915(e)(2).

4.    To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d

1

303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. This Court "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed *pro se* litigants should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). However, "*pro se* litigants must still allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

6. Plaintiff is attempting to bring a class action on behalf of "[a]ll individuals detained at the Atlantic County Justice Facility [("ACJF")] who were subjected to unconstitutional conditions, delayed hearings, denial of medical care, or administrative failures during the relevant period (12/1/25 til to date) [sic]." (ECF No. 1 at 2).

7. He lists several alleged constitutional violations: (1) "ACJF detainees were routinely held without timely detention hearings;" (2) "Administrative delays, inaccurate records, and clerical errors prolonged confinement;" (3) "Medical care was delayed or denied, including failure to evaluate or treat serious conditions;" and (4) "Conditions of confinement included overcrowding, sanitation issues, and inadequate supervision, denial of [legal access] paper and pen, upon entry of da jail [sic], and Administrative Grievance forms ('PLRA')." (*Id.* at 3).

8.    "A class action can be maintained only if the class representative 'will fairly and adequately represent the interests of the class.'" *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993) (quoting Fed. R. Civ. P. 23(a)(4)).  "Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." *Id.*  Plaintiff acknowledges this limitation and requests the appointment of class counsel.  (ECF No. 1 at 3).  However, the Complaint is deficient on its face, so this Court will not appoint counsel at this time.

9.    Plaintiff's recitation of alleged constitutional violations is unsupported by any facts.    Rule 8 "requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Conclusory allegations untethered to specific facts fall short of that standard.

10.    "A defendant in a civil rights action must have personal involvement in the alleged wrongs … ." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Plaintiff has not provided any specific information about how each defendant was personally involved in the alleged violations.  Nor has he "provide[d] any specific information about how *his own* rights were violated, as opposed to general allegations of restrictive conditions of confinement imposed on detainees in general." *Cabbagestalk v. United States*, No. 21-cv-4902, 2021 WL 2260517, at *1 (D.N.J. June 3, 2021) (emphasis in original).  Therefore, this Court will dismiss the Complaint without prejudice.

11.    This Court is mindful that it may not dismiss a complaint without providing leave to amend unless it finds bad faith, undue delay, prejudice or futility.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 117 (3d Cir.

3

2000).  Plaintiff may be able to allege facts that would cure the deficiencies identified above, so this Court will grant plaintiff 45 days to submit a proposed amended complaint.

12.     The proposed amended complaint will be subject to § 1915 review prior to service, and failure to submit a proposed amended complaint within 45 days of the accompanying order will convert the order into a dismissal of all claims with prejudice without further action by this Court.

13.     An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: February 26, 2026

4